FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 05, 2022

SEAN F. McAVOY, CLERK

1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Frieda K. Zimmerman
4  Special Assistant United States Attorney
   Dan Fruchter
5  Assistant United States Attorney
6  Post Office Box 1494
7  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
8
9              UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF WASHINGTON
10
11  UNITED STATES OF AMERICA,
                                        2:22-CR-137-MKD
12              Plaintiff,
                                        INDICTMENT
13
14          v.                          Vio:  18 U.S.C. § 1343
                                              Wire Fraud
15  NATHAN MICHAEL TRIANO,                    (Counts 1-6)
16
17              Defendant.                    18 U.S.C. § 287
                                              False, Fictitious, or Fraudulent
18                                            Claims
                                              (Counts 7-8)
19
20                                            18 U.S.C. § 1028A
21                                            Aggravated Identity Theft
                                              (Counts 9-12)
22
23                                            18 U.S.C. § 981
24                                            28 U.S.C. § 2461
                                              Forfeiture Allegations
25
26
27
28

INDICTMENT – 1

The Grand Jury charges:

### GENERAL ALLEGATIONS

1.     At all times relevant to this Indictment, Defendant, NATHAN MICHAEL TRIANO, was a resident of Davenport, Washington, in the Eastern District of Washington.

2.     The Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was a federal law enacted on March 27, 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and other certain expenses, through a program referred to as the Paycheck Protection Program (PPP).

3.     In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the applicant (through its authorized representative) was required to state, among other things: (a) its average monthly payroll expenses; and (b) its number of employees. If the applicant had no employees other than the owner, the applicant was required to provide the gross income amount from a 2019 or 2020 IRS Form 1040, Schedule C. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. Additionally, the applicant was required to certify that they were in operation as of February 15, 2020. The applicant was also required to certify that the information in the application was true and correct to the best of the applicant's knowledge.

INDICTMENT – 2

4.    A business's PPP loan application was received and processed, in the first instance, by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. Data from the application, including information about the borrower, the total amount of the loan, the listed number of employees, and the gross income amount, was transmitted by the lender to the Small Business Administration (SBA), an agency of the United States, in the course of processing the loan.

5.    PPP applications are received in cloud-based platforms. The location of the server through which the PPP application is submitted is based on the date the application was processed by the SBA and the application number. During the time period relevant to this Indictment, all PPP applications were received through the Summit platform, a cloud-based platform utilizing the AWS GOV cloud servers located in Oregon. PPP lenders submitted disbursement details into the SBA E-Tran system in Sterling, Virginia, and E-Tran transmitted the PPP processing fee to the lender through the United States Treasury's Financial Management System (FMS) to the Treasury. The primary server for FMS is in Sterling, Virginia.

<u>The Scheme</u>

6.    The allegations in paragraphs 1 through 5 of this Indictment are incorporated as though realleged herein.

7.    Beginning no later than on or about February 10, 2021, and continuing through at least June 4, 2021, in the Eastern District of Washington and elsewhere, Defendant, NATHAN MICHAEL TRIANO, devised and intended to devise a scheme to defraud the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

8.    Specifically, Defendant NATHAN MICHAEL TRIANO, applied for and received two PPP loans using false and fraudulent information about his alleged businesses, with the intent to defraud, steal, and convert the proceeds of the PPP

INDICTMENT – 3

loans for Defendant NATHAN MICHAEL TRIANO's personal use and without any intent to use the proceeds thereof for any authorized purpose.

9.    Defendant, NATHAN MICHAEL TRIANO, also knowingly and without lawful authority, possessed, used, and transferred one or more means of identification for three persons: A.G., T.R., and S.M., in order to fraudulently apply for and receive a total of four PPP loans in their names. Each loan purported to be a sole proprietorship or self-employed food contractor business and represented that the loan funding would be used to cover eligible payroll expenses. However, the proceeds from these loans were instead deposited in bank accounts controlled by Defendant, NATHAN MICHAEL TRIANO, and converted to his personal use.

<u>Manner and Means</u>

It was part of this scheme that:

<u>Paycheck Protection Program Loan No. 81722186-07</u>

10.    On or about March 25, 2021, Defendant, NATHAN MICHAEL TRIANO, submitted an application for PPP Loan No. 81722186-07 to the SBA. Defendant indicated the requested PPP funding was for a sole proprietorship food service contractor business owned and operated by Defendant NATHAN MICHAEL TRIANO. Defendant, NATHAN MICHAEL TRIANO, listed the business address as 6709 Kieffer Rd, Unit 6, Davenport WA 99122. Defendant listed his social security number as the Business Tax Identification Number (TIN). This application was submitted from Internet Protocol (IP) address 161.199.104.194.

11.    Defendant, NATHAN MICHAEL TRIANO, falsely and fraudulently stated in his application submissions for PPP Loan No. 81722186-07 that this business had been established on June 6, 2006, and that it had $2,118,864 in gross income in 2019. In support of the false and fraudulent application, Defendant included a falsified IRS Form 1040, Schedule C, as well as a falsified bank account statement purporting to show that Defendant's Middlesex Federal Savings, F.A.,

INDICTMENT – 4

Bank Account ending in 1317 existed in February of 2020.However, Defendant's Middlesex Federal Savings, F.A., Bank Account ending in 1317 was created in April of 2020.

12.    These representations, made by Defendant, were materially false and fraudulent, and Defendant knew they were false and fraudulent at the time they were made. Defendant, NATHAN MICHAEL TRIANO, did not have an active business with $2,118,864 in gross income in 2019 and was not eligible for the requested PPP funding.

13.    Based on the false information he provided, Defendant, NATHAN MICHAEL TRIANO, requested PPP funding in the amount of $20,833, the maximum amount of PPP funding available for a sole proprietorship. As a result of the fraudulent scheme described above, and the materially false and fraudulent information supplied by Defendant, NATHAN MICHAEL TRIANO, the SBA approved PPP Loan No. 81722186-07.

14.    PPP Loan No. 81722186-07 was handled by Amur Equipment Finance, a lending institution located in Grand Island, Nebraska on a delegated basis from the SBA. Amur Equipment Finance submitted disbursement details for this loan into the SBA E-Tran system located in Sterling, Virginia.

15.    On March 30, 2021, relying on the false and fraudulent application and the false and fraudulent information submitted by Defendant, NATHAN MICHAEL TRIANO, in support thereof, Amur Equipment Finance disbursed $20,833 into Defendant NATHAN MICHAEL TRIANO's Middlesex Federal Savings, F.A., Bank Account ending in 1317, located in Davenport, Washington.

16.    Defendant NATHAN MICHAEL TRIANO's Middlesex Federal Savings, F.A., Bank Account ending in 1317 was created on April 24, 2020, from IP address 161.199.104.194, in the name of, "Nathan Triano DBA Speed Cleaning."

INDICTMENT – 5

The customer address for this account is 6709 Kieffer Rd, Unit G, Davenport, WA 99122.

17.    On or about September 16, 2021, Defendant, NATHAN MICHAEL TRIANO, requested loan forgiveness of the entire fraudulently-received PPP loan amount. The loan was forgiven by the SBA on September 27, 2021.

### Paycheck Protection Program Loan No. 18324288-01

18.    On or about April 12, 2021, Defendant, NATHAN MICHAEL TRIANO, submitted an application for PPP Loan No. 18324288-01 to the SBA in the name of his purported company, "Nathan Triano DBA Speed Cleaning" (Speed Cleaning). Defendant, NATHAN MICHAEL TRIANO, listed Speed Cleaning's address as 6709 Kieffer Rd Unit 6, Davenport WA 99122. Defendant listed his social security number as the TIN. This application was submitted from IP address 161.199.104.194.

19.    Defendant, NATHAN MICHAEL TRIANO, falsely and fraudulently stated in his application for PPP Loan No. 18324288-01 that Speed Cleaning had been established June 6, 2006, and that it had $2,118,864 in gross income in 2019. In support of this application, Defendant included a falsified IRS Form 1040, Schedule C, as well as a falsified bank account statement purporting to show that Defendant's Middlesex Federal Savings, F.A., Bank Account ending in 1317 existed in February of 2020.

20.    These representations were materially false and fraudulent.  Speed Cleaning was not an active business as of February 15, 2020, meaning that Speed Cleaning was not eligible for any PPP funding. Moreover, Speed Cleaning did not have $2,118,864 in gross income in 2019.

21.    Based on the false information he provided, Defendant, NATHAN MICHAEL TRIANO, requested PPP funding for Speed Cleaning in the amount of $29,166. As a result of the fraudulent scheme described above and the materially

INDICTMENT – 6

false and fraudulent information supplied by Defendant NATHAN MICHAEL TRIANO, the SBA approved PPP Loan No. 18324288-01.

22.    PPP Loan No. 18324288-01 was handled by Amur Equipment Finance, a lending institution located in Grand Island, Nebraska on a delegated basis from the SBA. Amur Equipment Finance submitted disbursement details for this loan into the SBA E-Tran system located in Sterling, Virginia.

23.    On April 21, 2021, relying on the false and fraudulent application and the false and fraudulent information submitted by Defendant, NATHAN MICHAEL TRIANO, in support thereof, Amur Equipment Finance Corporation disbursed $29,166 in PPP funding into Defendant NATHAN MICHAEL TRIANO's Middlesex Federal Savings, F.A., Bank Account ending in 1317, located in Davenport, Washington.

24.    On or about September 16, 2021, Defendant, NATHAN MICHAEL TRIANO, requested loan forgiveness of the entire fraudulently received PPP loan amount. The loan was forgiven by the SBA on September 28, 2021.

<u>Paycheck Protection Program Loan No. 95858286-05</u>

25.    On or about March 27, 2021, Defendant NATHAN MICHAEL TRIANO, knowingly and without lawful authority, possessed, used, and transferred means of identification for A.G. to fraudulently apply for PPP Loan No. 95858286-05 in the amount of $20,833. The loan application falsely purported to be on behalf of A.G. and her food service contractor business located in Spokane, WA, where she was purportedly self-employed. Defendant, NATHAN MICHAEL TRIANO, fraudulently and without lawful authority used the name, social security number, driver's license, and signature of A.G. to obtain this funding. In support of this application, Defendant also fraudulently included an IRS Form 1040, Schedule C, as well as a falsified bank account statement purporting to show that the account identified for disbursement existed in February of 2020.

INDICTMENT – 7

26.    As a result of the fraudulent scheme described above and the materially false and fraudulent information supplied by Defendant NATHAN MICHAEL TRIANO, the SBA approved PPP Loan No. 95858286-05. PPP Loan No. 95858286-05 was handled by Amur Equipment Finance, a lending institution located in Grand Island, Nebraska on a delegated basis from the SBA. Amur Equipment Finance submitted disbursement details for this loan into the SBA E-Tran system located in Sterling, Virginia.

27.    On April 11, 2021, relying on the false and fraudulent application and the false and fraudulent information submitted in support thereof, Amur Equipment Finance disbursed $20,833 of PPP loan proceeds into a MetaBank Checking Account ending in 8805. Prior to the loan disbursement, the account had a $0.00 balance.

28.    MetaBank Checking Account ending in 8805 was opened electronically in the name of A.G. on September 13, 2020. However, the address listed for this account is 6709 Kieffer Rd, Unit G, Davenport, WA, the same customer address as NATHAN MICHAEL TRIANO's Middlesex Federal Savings, F.A., Bank Account.

29.    The IP address used for A.G.'s loan application was 161.199.104.194, the same IP address used to submit Defendant NATHAN MICHAEL TRIANO'S loan applications submitted in his own name.

<u>Payment Protection Program Loan No. 48545984-08</u>

30.    On or about February 10, 2021, Defendant, NATHAN MICHAEL TRIANO, knowingly and without lawful authority, possessed, used, and transferred means of identification for T.R. to fraudulently apply for PPP Loan No. 48545984-08 in the amount of $20,500. The loan application falsely purported to be on behalf of T.R., and his food service contractor business, a purported sole proprietorship located at 67009 Kieffer Rd. Ste. 6, Davenport, WA 99122. Defendant, NATHAN MICHAEL TRIANO, fraudulently and without legal authority used the name, social

INDICTMENT – 8

security number, driver's license, and signature of T.R. to obtain the funding. In support of this application, Defendant also fraudulently included an IRS Form 1040, Schedule C and a falsified bank account statement purporting to show that the account identified for disbursement existed in February of 2020 and belongs to T.R. However, the account identified for disbursement was Defendant's Middlesex Federal Savings, F.A., Bank Account ending in 1317, and the withdrawals identified on the account statement include references to Speed Cleaning.

31.    As a result of the fraudulent scheme described above and the materially false and fraudulent information supplied by Defendant NATHAN MICHAEL TRIANO, the SBA approved PPP Loan No. 48545984-08. PPP Loan No. 48545984-08 was handled by Itria Ventures LLC, a lending intuition located in New York, New York. Itria Ventures LLC submitted disbursement details for this loan into the SBA E-Tran system located in Sterling, Virginia.

32.    On March 4, 2021, Itria Ventures LLC disbursed $20,500 in PPP loan proceeds to Middlesex Federal Savings Account ending in 1317 belonging to Defendant NATHAN MICHAEL TRIANO.

<u>Payment Protection Program Loan No. 27877690-04</u>

33.    On or about May 25, 2021, Defendant, NATHAN MICHAEL TRIANO, knowingly and without lawful authority, possessed, used, and transferred means of identification for T.R. to fraudulently apply for PPP Loan No. 27877690-04 in the amount of $28,700. The loan application falsely purported to be on behalf of T.R. and his food service contractor business, a purported sole proprietorship located at 6709 Keiffer Road, Davenport, WA 99122. Defendant, NATHAN MICHAEL TRIANO, fraudulently and without lawful authority used the name, social security number, driver's license, and signature of T.R. to obtain the funding. In support of this application, Defendant also fraudulently included an IRS Form 1040, Schedule C and a falsified bank account statement purporting to show that the

INDICTMENT – 9

account identified for disbursement existed in February of 2020 and belonged to T.R. However, the account identified for disbursement was Defendant's Middlesex Federal Savings, F.A., Bank Account ending in 1317, and the withdrawals identified on the account statement include references to Speed Cleaning.

34.    As a result of the fraudulent scheme described above and the materially false and fraudulent information supplied by Defendant NATHAN MICHAEL TRIANO, the SBA approved PPP Loan No. 27877690-04. PPP Loan No. 27877690-04 was handled by Amur Equipment Finance, a lending institution located in Grand Island, Nebraska on a delegated basis from the SBA.  Amur Equipment Finance submitted disbursement details for this loan into the SBA E-Tran system located in Sterling, Virginia.

35.    On June 4, 2021, relying on the false and fraudulent application and the false and fraudulent information submitted by Defendant, NATHAN MICHAEL TRIANO, in support thereof, Amur Equipment Finance disbursed $28,700 in PPP Loan Proceeds to Middlesex Federal Savings account ending in 1317 belonging to Defendant NATHAN MICHAEL TRIANO.

<u>Paycheck Protection Program Loan No. 29385988-09</u>

36.    On or about April 8, 2021, Defendant NATHAN MICHAEL TRIANO, knowingly and without lawful authority, possessed, used, and transferred means of identification for S.M. to fraudulently apply for PPP Loan No. 29385988-09 in the amount of $20,833. The loan application falsely purported to be on behalf of S.M. and her food service contractor business, where she was purportedly self-employed. Defendant, NATHAN MICHAEL TRIANO, fraudulently and without lawful authority used the name, social security number, driver's license, and signature of S.M. to obtain this funding.  Defendant also fraudulently included an IRS Form 1040, Schedule C, as well as a falsified bank account statement purporting to show that an account in the name of S.M. that existed in February of 2020.

INDICTMENT – 10

37.     As a result of the fraudulent scheme described above and the materially false and fraudulent information supplied by Defendant NATHAN MICHAEL TRIANO, the SBA approved PPP Loan No. 29385988-09. PPP Loan No. 29385988-09 was handled by Benworth Capital, a lending institution located in Miami, Florida on a delegated basis from the SBA.  Benworth Capital submitted disbursement details for this loan into the SBA E-Tran system located in Sterling, Virginia.

38.     On May 28, 2021, relying on the false and fraudulent application and false and fraudulent application submitted by Defendant, NATHAN MICHAEL TRIANO, in support thereof, Benworth Capital disbursed $20,888 in PPP Loan Proceeds to Middlesex Federal Savings account ending in 1317 belonging to Defendant, NATHAN MICHAEL TRIANO.

Counts 1-6

39.     The allegations in paragraphs 1 through 38 of this Indictment are incorporated as though realleged herein.

40.     On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, Defendant, NATHAN MICHAEL TRIANO, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | March 30, 2021 | EFT payment from Amur Equipment Finance in Grand Island, Nebraska, to Middlesex Federal Savings Account ending in 1317 in Davenport, WA, in the amount of $20,833 for PPP Loan No. 81722186-07. |
| 2 | April 21, 2021 | EFT payment from Amur Equipment Finance in Grand Island, Nebraska, to Middlesex Federal Savings Account ending in 1317 in Davenport, WA, in the amount of $29,166 for PPP Loan No. 18324288-01. |

INDICTMENT – 11

| 3 | March 27, 2021 | Application for PPP Loan No. 95858286-05, electronically submitted from the Eastern District of Washington to the SBA in Oregon. |
| 4 | February 10, 2021 | Application for PPP Loan No. 48545984-08, electronically submitted from the Eastern District of Washington to the SBA in Oregon. |
| 5 | May 25, 2021 | Application for PPP Loan No. 27877690-04, electronically submitted from the Eastern District of Washington to the SBA in Oregon. |
| 6 | April 8, 2021 | Application for PPP Loan No. 29385988-09, electronically submitted from the Eastern District of Washington to the SBA in Oregon. |

All in violation of 18 U.S.C. § 1343.

## Counts 7-8

41.    The allegations in paragraphs 1 through 40 of this Indictment are incorporated as though realleged herein.

42.    On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, Defendant, NATHAN MICHAEL TRIANO, made and presented to the Small Business Administration claims, an agency of the United States, knowing said claims were false and fraudulent, and knowing the information submitted was materially false and fraudulent, described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|-------|------|-------------|
| 7 | March 25, 2021 | PPP application for PPP Loan No. 81722186-07 in the name of Nathan Triano for a PPP loan in the amount of $20,833. |
| 8 | April 12, 2021 | PPP application for PPP Loan No. 18324288-01 in the name of Nathan Triano DBA Speed Cleaning for an PPP loan in the amount of $29,166. |

All in violation of 18 U.S.C. § 287.

INDICTMENT – 12

1

2

Count 9-12

18 U.S.C. § 1028A – Aggravated Identity Theft

3

4

43.    Further, the allegations in paragraphs 1 through 42 in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

5

6

7

8

9

10

11

12

13

44.    On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, Defendant, NATHAN MICHAEL TRIANO, did knowingly and without lawful authority, possessed, used, and transferred ~~transfer and use,~~ *fky* without lawful authority, one or more means of identification of another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(5), knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C.  § 1028A(a)(1), described below for each count, each transfer constituting a separate count:

14

15

16

17

18

19

20

21

22

| 9 | March 27, 2021 | Possession, use, or transfer of means of identification for A.G., during and in relation to the felony violation of 18 U.S.C. § 1343, as charged above in Count 3. |
| 10 | February 10, 2021 | Possession, use, or transfer of means of identification for T.R. during and in relation to the felony violation of 18 U.S.C. § 1343, as charged above in Count 4. |
| 11 | May 25, 2021 | Possession, use, or transfer of means of identification for T.R. during and in relation to the felony violation of 18 U.S.C. § 1343, as charged above in Count 5. |
| 12 | April 8, 2021 | Possession, use, or transfer of means of identification for S.M. during and in relation to the felony violation of 18 U.S.C. § 1343, as charged above in Count 6. |

23

All in violation of 18 U.S.C.  § 1028A(a)(1).

24

25

26

27

28

INDICTMENT – 13

1

## NOTICE OF FORFEITURE ALLEGATIONS

2   The allegations contained in this Indictment are hereby realleged and

3   incorporated herein by this reference for the purpose of alleging forfeitures.

4   <u>Wire Fraud</u>

5   Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon

6   conviction of an offense in violation of 18 U.S.C. § 1343, as set forth in this

7   Indictment, Defendant NATHAN MICHAEL TRIANO, shall forfeit to the United

8   States any property, real or personal, which constitutes or is derived from proceeds

9   traceable to the offense. The property to be forfeited includes, but is not limited to,

10  the following:

11  <u>MONEY JUDGMENT</u>

12  A sum of money equal to $49,999.00 in United States currency,
    representing the amount of proceeds obtained by Defendant from the

13  wire fraud violations.

14

15  If any of the property described above, as the result of any act or omission of

16  the Defendant:

17

18  (a)  cannot be located upon the exercise of due diligence;

19  (b)  has been transferred or sold to, or deposited with, a third party;

20  (c)  has been placed beyond the jurisdiction of the court;

21  (d)  has been substantially diminished in value; or

22  (e)  has been commingled with other property which cannot be divided

23       without difficulty,

24  the United States shall be entitled to forfeiture of substitute property pursuant to 21

25  U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

26  § 2461(c).

27

28

1

<u>Aggravated Identity Theft</u>

2

Pursuant to 18 U.S.C. § 982(a)(2)(B) and/or 18 U.S.C. § 1028(b), upon

3

conviction of the offense(s) in violation of 18 U.S.C. § 1028A(a)(1), as set forth in

4

this Indictment, Defendant, NATHAN MICHAEL TRIANO, shall forfeit to the

5

United States of America, any property constituting, or derived from, proceeds

6

obtained, directly or indirectly, as a result of such violation(s); and/or any personal

7

property used or intended to be used to commit the offense(s).  The property to be

8

forfeited includes, but is not limited to, the following:

9

<u>MONEY JUDGMENT</u>

10

A sum of money equal to $90,866.00 in United States currency representing the amount of proceeds obtained as a result of the aggravated identity theft offense(s).

11

12

13

If any of the property described above, as a result of any act or omission of

14

the Defendant:

15

16

a.    cannot be located upon the exercise of due diligence;

17

b.    has been transferred or sold to, or deposited with, a third party;

18

c.    has been placed beyond the jurisdiction of the court;

19

d.    has been substantially diminished in value; or

20

e.    has been commingled with other property which cannot be divided

21

without difficulty,

22

////

23

////

24

////

25

////

26

////

27

////

28

INDICTMENT – 15

1  the United States of America shall be entitled to forfeiture of substitute property
2  pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and
3  1028(g) and 28 U.S.C. § 2461(c).  All pursuant to 18 U.S.C. §§ 982(b)(1) and
4  1028(g) and 28 U.S.C. § 2461(c).

6      DATED this 5th day of October 2022.

8              A TRUE BILL

13  *Vanessa Waldref*
14  Vanessa R. Waldref
   United States Attorney

16  *Frieda K. Z.*
17  Frieda K. Zimmerman
18  Special Assistant United States Attorney

20  *Dan Fruchter*
21  Dan Fruchter
22  Assistant United States Attorney

INDICTMENT – 16